[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
PROCEDURAL HISTORY
This matter was commenced by the plaintiff by filing and serving a summons and complaint returnable to this court on April 3, 2001. The plaintiff originally commenced the case representing herself, pro se.
On March 18, 2001, the defendant filed his appearance, pro se. On April 16, 2001, the plaintiff had retained counsel who filed an appearance on her behalf and represented the plaintiff through trial.
The parties were unable to agree upon a final resolution of their differences and the matter was scheduled for trial on November 8, 2001.
A mandatory trial management conference was scheduled for October 25, 2001 at 9:00 a.m. The defendant failed to appear for the trial management conference and the Court, DiPentima, J., entered a default against the defendant for his failure to appear and prosecute. The default precluded the defendant from proceeding with evidence on his behalf at the time of trial.
On November 8, 2001, the trial of this matter commenced at 10:00 a.m. At the time the trial commenced, the plaintiff had appeared with counsel to proceed with evidence. The defendant was not present when the trial commenced. The court entered a default against the defendant for his failure to appear at trial. The plaintiff then presented her case in chief. During the plaintiffs testimony, the defendant finally did appear before the court. The defendant was advised that a default had been granted by the court against him. The defendant remained in court and was present through the remainder of the plaintiffs testimony and presentation of her case.
FINDINGS OF FACT
The plaintiff, whose birth name was Lavoie, and the defendant were married in Avon, Connecticut on December 12, 1992. CT Page 16223
The plaintiff has resided continuously in the State of Connecticut for more than one year prior to the initiation of these proceedings.
The marriage of the parties has broken down irretrievably with no reasonable prospect for reconciliation.
There were no minor children born to the plaintiff during the marriage, nor was she pregnant with child at the time of the trial in this matter.
This was the first marriage for both parties.
Neither the State of Connecticut nor any municipality, town, city or subdivision thereof is or did contribute to the support and maintenance of either the plaintiff or the defendant.
The marriage of the parties is nearly nine years in duration.
The plaintiff is the sole owner of the real estate located at 209 Kent Road, Kent, Connecticut.
The plaintiffs gross income at the time of trial was $400.00/week. She is self-employed doing house cleaning. She was employed in some capacity throughout the marriage.
The defendant has not been steadily employed through most of the marriage. Within the last year before the trial of this case, the defendant did obtain employment at Park Cadillac Oldsmobile in New Milford, Connecticut. The subpoenaed employment records of the defendant from Park Cadillac Oldsmobile reveal his gross income from January 1, 2001 through October 26, 2001 to be $25,889.54.
The plaintiff has financial liabilities to the Internal Revenue Service in the amount of $10,000.00, to SNET Yellow Pages in the amount of $12,000.00 and to Beneficial Finance in the amount of $2,100.00. These debts were due to a business venture gone bad which the defendant and his father entered into, whereby the plaintiff became indebted to the creditors of this business venture as the spouse of the defendant.
ORDERS
The court has considered all the criteria of General Statutes §46b-81, 46b-82 and 46b-62. The court has considered the testimony of the plaintiff, all exhibits, the proposed orders of the plaintiff and argument from the plaintiffs counsel. CT Page 16224
The court enters the following orders:
Dissolution
The court finds that it has jurisdiction in this matter, that the allegations in the complaint are found to be true and that the marriage of the parties has broken down irretrievably without hope of reconciliation. Therefore judgment shall enter dissolving the marriage of the parties.
REAL ESTATE
The real estate located at 209 Kent Road, Kent, Connecticut shall remain the plaintiffs solely. The defendant is presently residing on the premises. The defendant is ordered to vacate the premises on or before December 31, 2001. The defendant shall be responsible to the plaintiff for any damage to the property from his occupancy. The plaintiff is thereafter to have exclusive possession and control of the real estate. The plaintiff shall be responsible for the mortgage and all financial obligations relative to the real estate, but for a mechanic's lien placed on the premises by Universal Comp. and Horst Rosentraeger. The mechanic's lien obligation shall be the defendant's solely and he is to take all necessary measures to have the mechanic's lien removed within ninety (90) days of this judgment. The defendant shall be solely responsible for all costs and expenses associated with the removal and satisfaction of the mechanic's lien and he shall indemnify and hold the plaintiff harmless for the same.
PERSONAL PROPERTY
Each party shall retain their respective automobile and shall hold the other harmless for any costs, taxes or expenses associated with their respective automobiles. All other personal property is to be divided between the parties as they mutually agree.
LIABILITIES
The defendant shall be solely responsible for the payment of the following liabilities and/or debts as listed on the Plaintiffs Financial Affidavit:
1) Internal Revenue Services (1997-2000 Taxes) $10,000.00
2) SNET Yellow Page Advertising $12,000.00 CT Page 16225
3) Beneficial Finance Loan $2,100.00
The defendant shall either pay said liabilities within ninety (90) days of this judgment or will provide proof to the plaintiff that he has made satisfactory arrangements to make payments on the liabilities until they are paid in full. The defendant shall indemnify and hold the plaintiff harmless as to these obligations/liabilities.
ALIMONY
The plaintiff has waived any claim to lump sum or periodic alimony from the defendant. The defendant shall pay to the plaintiff $1.00 per year in alimony for debt indemnification purposes only. This alimony obligation shall not terminate until all the aforementioned liabilities have been satisfactorily paid off, in full, by the defendant. These liabilities include: (1) Mechanic's lien by Universal Comp. and Horst Rosentraeger on 209 Kent Road, Kent, Connecticut; (2) Internal Revenue Services (1997-2000 taxes); (3) SNET Yellow Page Advertising; and (4) Beneficial Finance Loan.
ATTORNEY'S FEES
The court orders the defendant to pay the plaintiffs attorney's fees incurred for the prosecution of this matter including trial in this matter in the amount of $6,000.00 total. The defendant is to pay the attorney's fees in full within one-hundred twenty (120) days from the date judgment enters.
RESTORATION OF BIRTH NAME
The plaintiffs birth name of Lavoie is restored.
WHEREFORE, the marriage of the parties is hereby dissolved and the parties are declared to be single and unmarried. Judgment shall enter orders.
Agati, J.